### FRIDAY v. SMITH.

(Circuit Court of Appeals, Third Circuit. March 27, 1912.)

No. 1,569.

PLEADING (§ 129*)—TRAVERSE UNDER OATH—SUFFICIENCY.

In an action by the receiver of a railroad company against a construction contractor's surety, a statement that the contractor failed to complete the work, that the receiver took it over under the contract and completed it at an expense in excess of the contract price, that the receiver did work to the amount of $55,657.80 on the basis of prices under the contract, and received from certain sources $2,444.57, making an aggregate credit of $58,102.37, and paid out for labor, materials, etc., $84,618.76, leaving an excess of $26,516.39, due from the contractor to the receiver, etc., was sufficiently traversed by an affidavit of defense denying that the contractor was in default and surrendered the work, and stating that the receiver wrongfully took possession thereof, and that any work done by the receiver was outside the contract, requiring proof of the facts averred in the statement, under a rule of the trial court providing that material averments of plaintiff's statement, not directly traversed by defendant's affidavit, shall be taken as admitted.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 129.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by Frank Sullivan Smith, receiver of the Pittsburgh, Shawmut & Northern Railroad Company, against J. H. Friday. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Marion H. Murphy and Watterson & Reid, for plaintiff in error.

George L. Roberts and Tait & Jones, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and CROSS, District Judge.

BUFFINGTON, Circuit Judge. In the court below, Smith, the receiver of the Pittsburgh, Shawmut & Northern Railroad Company, brought suit against Friday, the surety on a bond given by a contractor on a construction contract. At the conclusion of the proofs, binding instructions were given in favor of the plaintiff. On entry of judgment thereon the defendant sued out this writ, and assigned for error the admission of certain evidence in favor of the plaintiff and the rejection of certain evidence offered by the defendant.

One of these questions, which we regard as decisive of the present writ, falls within narrow limits. A rule of the trial court provides:

"Such items of claim and material averments of fact of the plaintiff's statement as are not directly and specifically traversed and denied by the defendant's affidavit shall be taken as admitted."

The plaintiff's statement, which covers 57 printed pages of the record, in substance alleges the making of a construction contract by the Monongahela Construction Company with the receiver, its failure to complete it, the taking over of the work by the receiver under the terms of the contract, and its completion by the receiver on account of the contractor, at an expense in excess of the contract price to an amount greater than Friday's bond. In summarizing the statement the plaintiff averred:

"That Frank Sullivan Smith, as receiver of the Pittsburgh, Shawmut & Northern Railroad Company, plaintiff hereto, in continuing and completing the work of the construction of the said railroad, which the said Monongahela Construction Company had failed to construct and complete under and according to its contract with said receiver, dated June 30, 1906, aforesaid, did work to the amount of $55,657.80, on the basis of the prices under said contract between the Monongahela Construction Company and said receiver, and received for materials, etc., and rent of shanties, the sum of $2,444.57, making an aggregate credit of $58,102.37; and said receiver paid out for and on account of the said work so done by him, and for materials and repairs in the conduct of the said work, and for rentals or equipment necessary in conducting the said work, the sum of $84,618.76, leaving the amount paid out by the receiver in excess of the said contract prices $26,516.39, which amount is justly due and payable by the said Monongahela Construction Company to the said Frank Sullivan Smith, as receiver of the Pittsburgh, Shawmut & Northern Railroad Company, plaintiff aforesaid. A true and correct copy of the original book entries, made from the books of account of the said receiver, crediting said construction company with the work, materials, etc., under said contract, after January 21, 1907, and charging said construction company with the payments made by said receiver for and on account of the said work done by him under said contract after January 21, 1907. is attached to and made a part of this statement."

This averment, inter alia, the plaintiff offered in evidence in pursuance of said rule, and the court received it, without proof, on the

ground that it was not denied by the affidavit of defense. Herein we are of opinion the court fell into error.

In his affidavit of defense, Friday, the surety, denied the construction company was in default and gave up possession of the work, but averred the receiver wrongfully took possession thereof. If such be the case, and the receiver subsequently did construction work, that work was done by the receiver, not within, but outside, the contract, and, being outside the provisions thereof, it afforded no foundation for recovery on a bond conditioned for the performance of the contract. The defendant could not deny the receiver had done work on the premises; but what he did deny was that, if such work was done, it was not done under the contract. In that respect the affidavit was that:

"Defendant denies that the receiver paid out for and on account of the work done the sum of $84,618.76, but avers that the amount, if so paid out, was not necessary or for work required to be done under said contract, but was for other and different work done for said railroad, and denies that the sum of $26,516.39 is due from said contractor to said receiver, * * * and avers that, if said amounts were paid, they were for other and different work than that called for in the said contract with the Monongahela Construction Company."

From this it will be seen that the averments of the statement in that regard were so traversed by the affidavit that they should have been proved, instead of being admitted without proof, under the rule. That rule serves a useful purpose in dispensing with proof of facts, where distinct averments of fact are explicitly made and are not denied; but where the statement and affidavit, taken together, make it a debatable question whether the rule should be applied, we venture to suggest that all difficulty may be avoided by remitting the plaintiff to proof of his allegations by calling witnesses.

As the conclusion we have reached renders a reversal imperative, we refrain from expressing any present opinion on the other assignments of error.

The judgment below will be reversed, and the case remanded for a new trial.